FALK *v.* SCHUMACHER *et al.*

(*Circuit Court, S. D. New York.   November 12, 1891.*)

1. COPYRIGHT OF PHOTOGRAPH—INFRINGEMENT—PLEADING.
    In a bill for an injunction against infringing the copyright of a photograph, an allegation that complainant "is the author, inventor, designer, and proprietor of a certain photograph and negative thereof, known and entitled 'Photograph No. 23 of Lillian Russell, by B. J. Falk, N. Y.,' " is sufficient without giving a detailed description of the method of producing the photograph, or attaching a copy thereof to the bill.
2. SAME—INSCRIBED NOTICE.
    It is sufficient if the notice of copyright inscribed on a photograph reads, "1889. Copyrighted by B. J. Falk, New York," instead of "Copyright, 1889, by B. J. Falk," as required by the literal directions of the statute.

In Equity.   Suit to restrain infringement of copyright.   On demurrer to bill.   Demurrer overruled.

*Isaac N. Falk* and *Roland Cox*, for plaintiff.

*John B. Talmage* and *Augustus T. Gurlitz*, for defendants.

COXE, J.   The complainant, as the proprietor of a photograph of Lillian Russell, prays for an injunction restraining the defendants from infringing his copyright.   The first objection taken by the demurrer, that the bill does not show that the complainant, at the time he pro-

duced the photograph, was a citizen of the United States or a resident therein, (Rev. St. U. S. § 4952,) is fairly met by the allegation "that your orator, at all times hereinafter stated, was and still is a citizen of the United States and a resident therein, residing in the city, county and state of New York." The bill alleges further that the complainant "is the author, inventor, designer and proprietor of a certain photograph and negative thereof, known and entitled 'Photograph No. 23 of Lillian Russell, by B. J. Falk, N. Y.'" It is thought that this allegation is sufficient without entering into a detailed description of the *modus operandi* adopted by him in taking the photograph. It is not necessary in a suit upon a patent to allege the preliminary steps and experiments which culminated in the invention, and there is no reason why one who sues upon a copyright should be more explicit. The complainant was not required to attach a copy of the photograph to his bill any more than an author would be required to attach a copy of his book. If the photograph is not the subject of a copyright the defendants can allege and prove it.

The allegations of the bill regarding the mailing of the title and printed copies of the photograph to the librarian of congress, and particularly the allegation regarding the recording of the title by him, as required by section 4957 of the Revised Statutes, might well have been more full and complete, and, yet, it is thought that this paragraph of the bill cannot be held bad on demurrer. "A deposit of two copies of the article or work with the librarian of congress, with the name of the author and its title-page, is all that is necessary to secure a copyright." *Lithographic Co.* v. *Sarony*, 111 U. S. 53, 59, 4 Sup. Ct. Rep. 279. The bill alleges that the notice inscribed upon each copy of the photograph was, "1889. Copyrighted by B. J. Falk, New York." The notice required by the statute, if followed literally, was, "Copyright, 1889, by B. J. Falk." Why, with this simple provision of the law before him, the complainant saw fit to inscribe his photograph with a notice which not only is a departure from the strict letter of the statute, but is less symmetrical and concise, is indeed amazing. However, under the decision in *Callaghan* v. *Myers*, 128 U. S. 617, 9 Sup. Ct. Rep. 177, the notice is sufficient. "The statute was substantially complied with."

The only specific relief demanded is an injunction. Such an action is permitted by section 4970 of the Revised Statutes.

Although the bill might be more artistic and complete if some, at least, of the criticisms pointed out by the demurrer were observed, it is thought that in its present form it states a cause of action. The demurrer is overruled. The defendant may answer within 20 days.